[No. 34785. Department One. November 28, 1958.]

LAWRENCE F. PULLAR et al., Appellants, v. CHARLES V. WILDER, SR. et al., Respondents.[1]

*Kindall & Voris*, for appellants.

*Livesey, Kingsbury & Livesey*, for respondents.

PER CURIAM.—The plaintiffs entered into a written contract with the defendants, giving to the latter the right to remove gravel from a certain area of plaintiffs' property. The plaintiffs brought this action to reform the contract. They contend that, through a mutual mistake, the written contract gave to the defendants the right to remove gravel from a larger portion of plaintiffs' land than had been intended by either of the parties involved. Plaintiffs argue further that, prior to the time this contract was entered into, Lawrence F. Pullar had agreed with the defendants' agent that the defendants should have the right to remove gravel from an area south of a certain fence on the plaintiffs' land. The trial court held that the parties had never agreed that the particular fence would act as the north boundary; that there was no mutual mistake of fact, and that the only definite agreement ever reached was the final written contract.

The plaintiffs' complaint was dismissed with prejudice. They have appealed.

Each of appellants' assignments of error relates to findings of fact. These findings are supported by the record. We will not disturb them. *Kuyath v. Anderson Constr. Co.* (1958), 52 Wn. (2d) 174, 324 P. (2d) 264. The judgment of the trial court should be affirmed. It is so ordered.

[1]Reported in 332 P. (2d) 249.